**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04496-WLH-KES                     Date:  June 13, 2023

Title: JANE DOE V. UNITED STATES, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

Jazmin Dorado                               Not Present
Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFF:                                      DEFENDANT:
None Present                                   None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER Denying Plaintiff's Motions**
**(Dkt. 2, 5, and 7)**

On June 8, 2023, pro se Plaintiff Jane Doe filed a civil complaint against the United States.  (Dkt. 1.)  She alleges "negligence resulting in intentional unmistakable tort."  (Id. ¶ 3)  She requests "immediate absolved injunction with international federal exoneration by certification of actual innocence in contrast to the current erroneous standing conviction and/or judgment."  (Id. ¶ 4.)  This suggests that Jane Doe has been convicted of a federal crime and contends her conviction is due to government misconduct that violated her civil rights.

Under 28 U.S.C. § 636 and the Court's General Order 05-07, civil rights cases filed by self-represented plaintiffs are referred to magistrate judges for rulings on non-dispositive matters.  Under Federal Rule of Civil Procedure 72(a), parties can object to a magistrate judge's non-dispositive rulings and seek review from the assigned district judge.

**I.     Motion for Permission to E-File.  (Dkt. 2).**

Federal Rule of Civil Procedure 5(d)(3)(B) allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04496-WLH-KES                                    Date: June 13, 2023
                                                                              Page 2

Under the Local Rules, pro se litigants may apply for authorization to use the Court's e-filing system, as follows:

> **L.R. 5-4.1.1 Pro Se Litigants.** After entering an appearance in a civil case, any non-incarcerated pro se litigant may seek leave of Court to use the CM/ECF System to file documents electronically in that particular case. Leave to file electronically must be sought by motion, which must demonstrate that the pro se litigant has access to the equipment and software necessary to prepare documents for filing in PDF format and to connect to the Court's CM/ECF System.

Plaintiff filed a motion, but did not check all the boxes to indicate that she has access to required equipment. (Dkt. 2.)

Furthermore, the Court has discretion to deny permission to e-file even if a pro se litigant can demonstrate access to all required equipment. See, e.g., Stanley v. Jennings, No. 4:21-cv-00464-BLW, 2022 U.S. Dist. LEXIS 7832, at *7, 2022 WL 123900, at *2 (D. Idaho Jan. 12, 2022) (denying e-filing permission due to a failure to show good cause).

Here, Plaintiff has filed a Complaint that is difficult to understand and numerous other motions and filings. She also filed a similar second lawsuit: Jane Doe v. United States, et al., No. 2:23-cv-04218-WLH-KES (C.D. Cal.). To avoid potential abuse of the e-filing system, the Court **DENIES** Plaintiff's motion for permission to e-file (Dkt. 2.) without prejudice to her renewing it later should she obtain permission to proceed in forma pauperis.

## II.    Motion for Permission to Use Pseudonym. (Dkt. 5).

As a general rule, the title of a complaint must name all the parties. Fed. R. Civ. P. 10(a). Thus, "[t]he normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Sch., 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts in this circuit "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary … to protect a person from harassment,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04496-WLH-KES                                    Date: June 13, 2023
                                                                                  Page 3

injury, ridicule or personal embarrassment.'" <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting <u>United States v. Doe</u>, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

To determine whether a party may proceed under a pseudonym, the Court balances "the party's need for anonymity" with the "prejudice to the opposing party and the public's interest in knowing the party's identity." <u>Id.</u> at 1068.  "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." <u>Id.</u> (internal quotation marks and citations omitted).  The decision to permit a party to proceed under a pseudonym is within the Court's discretion. <u>Id.</u>

Here, Plaintiff's allegations are not sufficiently intelligible to allow the Court to apply the above-quoted test.  Plaintiff has not described her criminal conviction or why she contends it was the product of government misconduct (if that is indeed the factual basis of this civil suit).  Plaintiff has not even included enough facts to demonstrate that this case may proceed as a civil rights case versus a habeas claim under 28 U.S.C. § 2255, which might need to be filed in a different court.

For these reasons, the Court **DENIES** Plaintiff's motion for permission to use a pseudonym.  (Dkt. 5.)  If Plaintiff obtains permission to proceed in <u>forma pauperis</u>, any amended complaint shall use Plaintiff's legal name and state Plaintiff's mailing address. <u>See</u> L.R. 41-6 (<u>pro se</u> plaintiffs must "keep the Court and all other parties informed of the party's current address as well as any telephone number and email address").

## III.    Motion for Summary Judgment.  (Dkt. 7).

Courts have discretion to enter scheduling orders establishing dates when the parties can move for summary judgment.  Fed. R. Civ. Pro. 16.  Plaintiff's motion for summary judgment has been filed before the Court has ruled on her application to proceed in <u>forma pauperis</u>, before service on any defendants, and before discovery.  The motion is **DENIED** as premature, without prejudice to Plaintiff renewing it later when permitted to do so by a future scheduling order.

MINUTES FORM 11                                                    Initials of Deputy Clerk <u>JD</u>
CIVIL-GEN